**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.: 1:26-cv-24387-BB**

ZHIJUN HE,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

    Defendants.

_____/

**DEFENDANTS ACEAVY, DEEPACE, LLNGHANG, TRAVLETIC, AND ZORIK'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND RESPONSE TO ORDER SETTING HEARING**

Defendants Aceavy, DEEPACE, LlngHang, TRAVLETIC d/b/a QINGCBRF, and ZORIK (collectively, the "Appearing Defendants"), through undersigned counsel, oppose Plaintiff's Motion for Preliminary Injunction (ECF No. 36). The Motion submits no new evidence and instead relies on the ex parte record supporting the Temporary Restraining Order ("TRO"). ECF No. 36 ¶¶ 5-7. That record does not satisfy Plaintiff's burden now that the Appearing Defendants have appeared, presented prior-art materials, and challenged Plaintiff's undifferentiated treatment of at least sixteen distinct accused listings.

Given the expedited schedule, the Appearing Defendants submit this opposition based on the existing record and five documentary exhibits. Those materials are sufficient, at minimum, to raise substantial questions concerning validity and infringement, demonstrate the absence of

defendant-specific proof, and show that the account-wide restraint is disproportionate to any presently demonstrated profits attributable to the accused products.

I.      **RELEVANT BACKGROUND**

Plaintiff asserts U.S. Design Patent No. D1,067,851 S (the "'851 Patent"), entitled "Vehicle Cross Bar." The patent issued from Application No. 29/957,278, filed August 13, 2024, as a continuation of Application No. 29/877,341, filed June 5, 2023. ECF No. 28-1 at 11-20. The patent expressly excludes portions shown in broken lines; the solid-line portions define the claimed design. *Id*.

On June 24, 2026, the Court required Plaintiff to establish personal jurisdiction and entitlement to emergency relief as to each defendant, not defendants collectively. ECF No. 7 at 2-3. Plaintiff later submitted a 261-page TRO filing that principally reproduced Amazon listing pages. ECF No. 28. On July 16, 2026, the Court entered the ex parte TRO. ECF No. 32. Plaintiff's present Motion adds no declaration, expert analysis, product-by-product comparison, sales evidence, customer evidence, or damages evidence; it merely incorporates the TRO papers. ECF No. 36 paragraphs 5-7.

Plaintiff's Exhibit 2 identifies at least sixteen different ASINs associated with the Appearing Defendants, involving different vehicles, support feet, locks, contours, and mounting structures. Yet Plaintiff supplies no separate ordinary-observer analysis for any ASIN. The documentary materials submitted with this opposition include: (i) a representative visual comparison of the claimed solid-line portions and an accused support foot (Exhibit A); (ii) an April 2022 YouTube disclosure depicting materially similar support-foot ornamentation (Exhibit B); (iii) a December 1, 2020 YouTube disclosure documenting a similar vehicle-cross-bar

configuration in the prior-art field (Exhibit C); (iv) the applicant's prosecution response identifying two rounded corners and two parallel extending protrusions as ornamental considerations (Exhibit D); and (v) preliminary account and freeze information showing the breadth of the asset restraint (Exhibit E).

## II.    LEGAL STANDARD

A preliminary injunction is an extraordinary remedy, never awarded as of right. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). Plaintiff must prove a substantial likelihood of success on the merits, likely irreparable harm absent relief, that the balance of harms favors relief, and that an injunction serves the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Failure to establish any required element warrants denial.

At the preliminary-injunction stage, an accused infringer need not conclusively prove invalidity. If the accused infringer raises a substantial question concerning validity and the patentee fails to show that the defense lacks substantial merit, the patentee has not shown a likelihood of success. *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1377-80 (Fed. Cir. 2009). For design patents, infringement and anticipation are assessed through the ordinary-observer framework, with the prior-art context informing which visual similarities and differences matter. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 676-78 (Fed. Cir. 2008) (en banc); *International Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1240-41 (Fed. Cir. 2009).

## III.    ARGUMENT

### A.  Plaintiff Has Not Established a Likelihood of Success as to Each Appearing Defendant.

The Court's Omnibus Order required Plaintiff to establish entitlement to relief "with regard to EACH Defendant." ECF No. 7 at 2-3. Plaintiff instead treats ten storefronts, numerous vehicle-specific products, and at least sixteen ASINs as though they were one accused design. ECF No. 28-1 at 22-230. The PI Motion then asks the Court to carry the same collective findings forward without new analysis. ECF No. 36 paragraphs 5-7. That is insufficient because design-patent infringement turns on the overall visual impression of each accused design, not on the fact that all products are generally described as vehicle cross bars.

The listing pages themselves show different end caps, lock placements, support-foot contours, seams, ribs, and mounting structures. Plaintiff offers no chart comparing any one accused product against the claimed views of the '851 Patent. It does not distinguish solid from broken lines, identify the claimed ornamental features, explain the prior-art context, or address the different views relevant to an overall-appearance analysis. A conclusory statement that an ordinary observer would be deceived cannot substitute for an individualized comparison of the accused products.

### B.  The Newly Presented Prior Art Raises a Substantial Question of Invalidity.

The earliest possible effective filing date presently asserted is June 5, 2023. Exhibit B shows a public YouTube disclosure from April 2022 – more than one year earlier – depicting a vehicle-cross-bar support foot with the same basic closed-end configuration, rounded outer corners, and parallel projecting ribs that the applicant later identified as ornamental considerations. Exhibit D at 6. The key frame at approximately 2:32-2:33 is reproduced in

Exhibit B, and the disclosure does not appear among the references shown on the face of the '851 Patent.

Under 35 U.S.C. § 102(a)(1), a design publicly available before the effective filing date may qualify as prior art. The ordinary-observer test governs design-patent anticipation. *International Seaway*, 589 F.3d at 1240-41. At minimum, the April 2022 disclosure raises a substantial question concerning the validity and scope of the claimed design when the design is considered as a whole and in the context of the prior art. *Titan Tire* therefore requires Plaintiff to show that this defense lacks substantial merit. 566 F.3d at 1377-80. Plaintiff has presented no response because its PI Motion merely incorporates the earlier ex parte record.

Exhibit C documents a separate public YouTube disclosure from December 1, 2020 showing a vehicle cross bar with an integrated end-support configuration. Although Exhibit B supplies the clearest basis for the validity challenge at this emergency stage, Exhibit C further confirms that materially similar end-support forms were publicly available well before the earliest asserted filing date.

## C.  The Prior-Art Context and Material Design Differences Defeat Any Blanket Finding of Likely Infringement.

Egyptian Goddess requires the claimed and accused designs to be viewed in the context of the prior art. 543 F.3d at 676-78. Where the field is crowded, differences that might appear minor in isolation may be significant to an informed ordinary observer. *Id*. The record already reflects numerous earlier cross-bar and roof-rack designs cited on the face of the '851 Patent, while Exhibits B and C show additional public disclosures not addressed in Plaintiff's papers.

Exhibit A provides a representative, product-specific comparison and illustrates why Plaintiff cannot obtain a blanket injunction without analyzing each accused design. The representative accused support foot presents a prominent central oval recess or opening and an integrated, substantially continuous front body. The claimed design instead presents a segmented configuration with two parallel outward-extending ribs and different edge transitions, seams, and lower contours. Exhibit A does not suggest that all sixteen listings are identical; it demonstrates that product-specific visual analysis is necessary before injunctive relief may issue.

Exhibit D confirms that, in responding to a Section 171 ornamentality rejection, the applicant expressly described two rounded corners and two parallel extending protrusions as ornamental considerations that entered into the design. Exhibit D at 5-6. Those statements are relevant to the ordinary-observer comparison and reinforce the visual significance of the corresponding differences shown in Exhibit A. The Appearing Defendants do not contend that those statements independently redefine or limit the claimed design.

Exhibit C further documents a similar integrated support-foot configuration publicly visible in December 2020. The prior art is relevant because it frames the ordinary observer's comparison and reinforces the materiality of the differences shown in Exhibit A. *Egyptian Goddess*, 543 F.3d at 676-78. Because Plaintiff has not analyzed the separate products, and because the newly presented materials raise substantial questions of both validity and infringement, Plaintiff has not established a substantial likelihood of success as to the Appearing Defendants.

D.  **Plaintiff Has Not Shown Likely Irreparable Harm or a Causal Nexus.**

Patent infringement does not create a presumption of irreparable harm. *eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391-94 (2006); *Robert Bosch LLC v. Pylon Manufacturing Corp.*, 659 F.3d 1142, 1149 (Fed. Cir. 2011). Plaintiff must prove that irreparable injury is likely and that the alleged injury is causally connected to the patented design. *Apple Inc. v. Samsung Electronics Co.*, 695 F.3d 1370, 1374-75 (Fed. Cir. 2012).

Plaintiff provides no sales history for its own product, no market-share evidence, no identified lost customer or lost sale, no price-erosion calculation, no advertising evidence, no consumer survey, and no evidence that the claimed support-foot ornamentation drives consumer demand. Plaintiff instead relies on generalized assertions of "market chaos," poor quality, safety risks, goodwill loss, and reputational harm. ECF No. 28-1 paragraphs 6-7, 19-23. Those assertions are not tied to any Appearing Defendant or any accused ASIN.

The marketplace pages identify the products under the Defendants' own storefront or product brands, including Aceavy, DEEPACE, LINGHANG, TRAVLETIC, and ZORIK. ECF No. 28-1 at 55, 64, 87, 112, 138, 175, 209. This fact does not independently resolve design-patent infringement, but it undercuts Plaintiff's separate allegations of counterfeiting, palming off, consumer-origin confusion, and resulting reputation harm. Plaintiff has not shown that consumers attribute the accused products or any alleged quality issue to Plaintiff.

Plaintiff also does not explain why available monetary remedies under 35 U.S.C. Sections 284 or 289 would be inadequate. The availability of monetary relief does not by itself defeat irreparable harm, but on this record Plaintiff has offered no concrete evidence establishing likely injury that cannot be measured or compensated. Plaintiff therefore has not carried the independent irreparable-harm requirement.

E.  **The Balance of Harms Favors Denial or Narrowing of Relief.**

The current order freezes entire seller accounts and associated funds, not merely proceeds traceable to the accused ASINs. ECF No. 32 ¶¶ 6-7. Preliminary account figures furnished to counsel show approximately $86,472.94 frozen across the five Appearing Defendants. Exhibit E. For DEEPACE and ZORIK, the reported frozen amount exceeds the reported sales amount for the relevant account. Id. These figures are preliminary and are not offered as an accused-product profit accounting; their inability to isolate accused-product profits illustrates the defect in freezing every dollar in an account without a product-specific calculation.

| Storefront | Seller ID | Reported Sales Amount | Reported Frozen Amount |
|---|---|---|---|
| Aceavy | A1KH4NTB7JRH2K | $20,559.07 | $14,196.96 |
| DEEPACE | ALGGIBVVO4VYV | $32,459.00 | $34,619.18 |
| LlngHang | A1ZJ74I31GZ5JC | $24,575.27 | $14,509.79 |
| TRAVLETIC | A2MFU92PUTDR5C | $25,921.90 | $13,147.01 |
| ZORIK | A2FM8COUYHZNIY | $5,000.00 | $10,000.00 |
| **TOTAL** | | **$108,515.24** | **$86,472.94** |

The restraint bears no demonstrated relationship to sales, much less total profit, from the particular accused products. Plaintiff has not identified accused-ASIN revenue for each Defendant, calculated profits under Section 289, or shown that all frozen funds are traceable to alleged infringement. Nor has Plaintiff offered defendant-specific evidence that any Appearing Defendant attempted to dissipate assets. The only support is counsel's generalized experience in unrelated online-counterfeiting cases. ECF No. 28-2 paragraph 3.

Although courts may restrain assets to preserve the availability of equitable relief, that authority does not justify an unlimited restraint untethered to the relief potentially available in this action. See *Levi Strauss & Co. v. Sunrise International Trading Inc.*, 51 F.3d 982, 987 (11th

Cir. 1995); *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 324-33 (1999). Plaintiff has not identified accused-ASIN revenue for each Appearing Defendant, calculated the profits potentially recoverable under 35 U.S.C. § 289, demonstrated that all restrained funds are connected to the accused products, or presented defendant-specific evidence of threatened asset dissipation. Even assuming some restraint is permissible, it should be limited to a supported estimate of profits attributable to the accused ASINs, with unrelated funds release.

**F.   The Public Interest Does Not Favor Enforcement of a Potentially Invalid Patent Through an Overbroad Injunction.**

The public has an interest in protecting valid patent rights, but also in preventing unwarranted exclusion based on a patent subject to a substantial validity challenge. *Abbott Laboratories v. Andrx Pharmaceuticals, Inc.*, 452 F.3d 1331, 1348 (Fed. Cir. 2006). The requested injunction extends beyond specifically analyzed products to any alleged "colorable imitation," and the asset restraint reaches unrelated account funds. Where Plaintiff has not met its burden product by product, the public interest favors preserving lawful competition and limiting relief to proven conduct.

**G.   The Appearing Defendants Preserve Their Jurisdictional and Service Objections.**

The Appearing Defendants submit this emergency opposition and will appear at the preliminary-injunction hearing solely to contest provisional relief. Nothing herein is intended to waive any defense available under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), or 12(b)(5), all of which are expressly preserved to the extent permitted by law. Any such defenses will be presented on a complete record in the procedurally appropriate motion or responsive pleading.

**CONCLUSION**

For these reasons, the Court should deny Plaintiff's Motion for Preliminary Injunction as to the Appearing Defendants and dissolve the TRO as to them. Alternatively, the Court should modify any relief by: (1) limiting the injunction to specifically identified ASINs and accused designs; (2) eliminating any restraint on unrelated products, listings, accounts, and funds; (3) limiting any financial restraint to a supported estimate of profits attributable to the accused ASINs; and (4) permitting substitution of a reasonable bond or escrow.

Dated: August 1, 2026                              Respectfully submitted,


                                                   Counsel for Appearing Defendants

                                                   /s/ Jianyin Liu
                                                   Jianyin Liu, Esq.
                                                   (Local Counsel)
                                                   Florida Bar No. 1007675
                                                   The Law Offices of James Liu PLLC
                                                   9000 SW 157th Street
                                                   Palmetto Bay, Florida 33157
                                                   Telephone: (305) 209-6188
                                                   Email: jamesliulaw@gmail.com
                                                   Counsel for Defendants Aceavy, deepace,
                                                   LlngHang, TRAVLETIC, and zorik


                                                   /s/ Alexander Warden
                                                   Alexander Warden
                                                   Admitted Pro Hac Vice
                                                   alexander.warden@walflaw.com
                                                   West Atlantic Law Firm, PLLC
                                                   104 W 40th Street, Suite 400
                                                   New York, NY 10018
                                                   Telephone: (347) 420-0279

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 1, 2026, the foregoing was filed electronically with the Clerk of Court through designated local counsel using CM/ECF, which will send notice to all registered counsel of record.

<u>/s/ Alexander Warden</u>
Alexander Warden