**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-24387-BLOOM/Elfenbein**

**ZHIJUN HE,**

      Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS,**
**AND UNINCORPORATED**
**ASSOCIATIONS IDENTIFIED ON**
**SCHEDULE A**,

      Defendants.

_____/

**ORDER ON PLAINTIFF'S MOTION**
**FOR ENTRY OF PRELIMINARY INJUNCTION**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Preliminary Injunction ("Motion"), ECF No. [36]. The Court held a hearing on the Motion on August 3, 2026. Defendants Aceavy, deepace, LlngHang, TRAVLETIC, and zorik filed a Response, ECF No. [46]. Defendants HEKA, Snailfly, EZREXPM, and SNIXWOO filed a Response, ECF No. [50]. Counsel for Plaintiff and Counsel for Defendants Aceavy, deepace, LlngHang, TRAVLETIC, zorik, HEKA, Snailfly, EZREXPM, and SNIXWOO (collectively, "Appearing Defendants") appeared at the hearing. Defendant Powerty did not appear. The Court has considered the Motion, the Responses, the argument of the parties, the record in this case, the applicable law, and is otherwise fully advised. The Court finds that Plaintiff has not met his burden to establish a substantial likelihood of success on the merits as it applies to Appearing Defendants. Because Defendant Powerty did not appear, the Court may grant the Motion by default. *See* S.D. Fla. L.R. 7.1(c). Therefore, the Motion is denied as to Appearing Defendants and granted as to Defendant Powerty.

### I.  FACTUAL BACKGROUND

Plaintiff is the owner of the entire interest of the U.S. Patent No. D1,067,851 S entitled "Vehicle Cross Bar" ("Patent"), which is registered with the United States Patent and Trademark Office. ECF No. [25-2]. Plaintiff's Vehicle Cross Bar is known for its distinctive patented designs. *See* Declaration of Plaintiff in Support ("Plaintiff's Decl.") at ECF No. [28-1] ¶ 6. The Vehicle Cross Bar embodying these designs is associated with the quality and innovation that the public has come to expect from Plaintiff's products. Plaintiff's Vehicle Cross Bar uses these designs, including but limited to, those designs in the Patent. *Id.* ¶ 8.

Defendant Powerty, through the e-commerce store operating under its seller storefronts identified on Schedule A, ECF No. [25-1], has offered for sale, sold, and distributed products infringing Plaintiff's Patent, namely the Vehicle Cross Bar ("Infringing Products") to consumers in this Judicial District and throughout the United States. *See* Declaration of David P. Reiner, II in Support of Plaintiff's Application for Temporary Restraining Order ("Reiner Decl.") at ECF No. [28-2] ¶ 2; ECF No. [28-1] ¶¶ 7, 9. Plaintiff has submitted sufficient evidence showing that Defendant Powerty has infringed at least one or more designs of Plaintiff's Patent. *See* ECF No. [28-1]. Specifically, orders were placed on Amazon from Defendant's Seller Storefronts directly or indirectly bearing the designs of Plaintiff's Patent at issue in this action. *See* ECF No. [28-1] ¶ 10. Defendant Powerty has never been authorized to manufacture, sell, or offer for sale its products bearing Plaintiff's Patent. *Id.* Plaintiff has brought claims pursuant to 35 U.S.C. § 101, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289, against the Defendants alleging patent infringement.

## II.    LEGAL STANDARD

In order to obtain a temporary restraining order or a preliminary injunction, a party must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo,* 403 F.3d 1223, 1225-26 (11th Cir. 2005).

## III.    DISCUSSION

The Court previously determined, in its Order Granting *Ex Parte* Temporary Restraining Order, that Plaintiff had met all the requirements for injunctive relief. ECF No. [32] at 3-4. Defendant Powerty has since been served with process and with Plaintiff's Motion for Preliminary Injunction. ECF Nos. [33], [40].

As to Defendant Powerty, the Court finds that Plaintiff has presented specific facts in the Declarations of Plaintiff and Reiner and the accompanying evidence clearly showing a substantial likelihood of success on the merits, and that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of a preliminary injunction, Defendant Powerty could and likely would move any assets from accounts in U.S.-based financial institutions to offshore accounts.

This Court also finds that, in issuing this Order, the notice requirements under Fed. R. Civ. P. 65 have been satisfied because Defendant Powerty has been served via email and publication. The irreparable harm suffered without injunctive relief outweighs the irreparable harm Defendant Powerty will suffer if the injunction is granted, and the injunction will serve the public interest.

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** a follows:

1.      Plaintiff's Motion, **ECF No. [36]**, is **GRANTED in part and DENIED in part.**

2.      Plaintiff's Motion is **DENIED** as to Defendants  Aceavy, deepace, LlngHang, TRAVLETIC, zorik, HEKA, Snailfly, EZREXPM, and SNIXWOO.

3.      Plaintiff's Motion is **GRANTED** as to Defendant Powerty.

4.      Defendant Powerty, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with it be temporarily enjoined and restrained from:

   a. offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy, or colorable imitation of the designs claimed in Plaintiff's Patent;

   b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's Patent; and

   c. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2.      Upon Plaintiff's request, any third party with actual notice of the Court's Order who is providing services for Defendant Powerty or in connection with any of Defendant Powerty's Online Marketplaces, including, without limitation, any online marketplace platforms such as Amazon ("Third Party Providers"), shall within five (5) business days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendant Powerty in connection with the sale of infringing goods of Plaintiff's Patent.

4.      Defendant Powerty shall be preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendant Powerty's assets until further ordered by this Court.

5.      Any Third Party Providers, including Amazon, shall, within five (5) business days of receipt of this Order: locate all accounts and funds connected to Defendant Powerty's Online Marketplaces, including, but not limited to, any financial accounts connected to the information listed in Schedule A to the Amended Complaint, ECF No. [25-1], restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendant Powerty's assets until further ordered by this Court.

6.      Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

7.      This Order shall apply to the Online Marketplaces, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, websites, or financial accounts which are being used by Defendant Powerty for the purpose of infringing on Plaintiff's Patent.

8.      This Order shall remain in effect until further order of this Court.

9.      Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff's previously posted bond in the amount of $10,000.00 shall suffice as payment of damages to which Defendant Powerty may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court, and in the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

10.     Plaintiff shall continue to serve all case filings, including this Order, on Defendants by email and publication as previously ruled in the Court's Order Authorizing Alternate Service of Process, ECF No. [31].

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 3, 2026.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record